UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| BENJAMIN BEAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:13-cv-00196-NT |
| | ) | |
| PATRICIA BARNHART, et al., | ) | |
| | ) | |
| Defendants | ) | |

**ORDER ON DEFENDANTS' MOTION
FOR SANCTIONS (ECF NO. 45)**

This matter is before the Court on Defendants' Motion for Sanctions (ECF No. 45). Through their motion, citing Plaintiff's failure to appear for his scheduled deposition on three occasions, Defendants request dismissal of Plaintiff's complaint as a sanction. After review of the parties' written arguments, as explained below, I conclude that the imposition of sanctions is appropriate, but that dismissal is not warranted.[1]

**Factual Background**

Prior to June 26, 2014, Plaintiff failed on two occasions to appear for his scheduled deposition. As a result, Defendants requested the dismissal of Plaintiff's complaint. Following a telephonic hearing on June 26, Defendants' request for dismissal was denied. (ECF No. 44.) Plaintiff, however, was ordered to appear for his deposition on August 7, 2014, at the Attorney General's office in Portland. (*Id.*) After Plaintiff failed to appear for the deposition, Defendants filed the pending motion.

---

[1] Had I determined that dismissal was appropriate, the decision would have been in the form of a recommended decision.

**<u>Discussion</u>**

Federal Rule of Civil Procedure 37 authorizes the Court to impose sanctions, including dismissal, in the event a party fails to comply with a court order, or fails to respond appropriately to legitimate discovery requests. Fed. R. Civ. P. 37(b)(2), (d). Dismissal, while authorized, is the ultimate sanction. When considering whether a discovery violation warrants dismissal, the Court should consider a variety of factors, including "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Malloy v. WM Specialty Mortg. LLC*, 512 F.3d 23, 26 (1st Cir. 2008) (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2-3 (1st Cir. 1996)).

Given Plaintiff's failure to attend the scheduled deposition on three occasions, Defendants' request for dismissal is understandable. The fact that Plaintiff was at all relevant times a transient, and without a reliable means of communication with his attorney, however, persuades the Court that under the circumstances, dismissal is not appropriate. In other words, because the Court is not convinced that Plaintiff's failure to attend the depositions was due to Plaintiff's deliberate effort to ignore the Court's order and the applicable rules, the Court determines that Plaintiff has demonstrated sufficient cause to avoid dismissal.[2]

To assure that Plaintiff appreciates the significance of his failure to attend the depositions, and to assure that he understands that he must attend the deposition when next scheduled, the Court

---

[2] In the June 26, 2014, Order addressing Plaintiff's previous failure to attend his deposition, I wrote, "[i]n the event that Plaintiff, without good cause, fails to attend the deposition as ordered, this Court will recommend the dismissal of Plaintiff's complaint." (ECF No. 44) The communication issues caused by Plaintiff's transiency constitute good cause. To prevent the communication issues from generating the same challenge if Defendants reschedule Plaintiff's deposition, this Order will impose a specific condition on the rescheduling, which condition will confirm Plaintiff's personal knowledge of the date, time and location of the deposition.

believes financial sanctions are warranted, and that certain conditions regarding the scheduling of the deposition are necessary. The Court, therefore, orders:

1. Plaintiff shall reimburse Defendants for the costs, if any, associated with the appearance of the court reporter(s) for the depositions that Plaintiff failed to attend, and for the cost of the court reporter's attendance at Plaintiff's deposition should Defendants reschedule the deposition.

2. Plaintiff shall reimburse Defendants for the travel costs incurred by Defendants' counsel to attend the depositions that Plaintiff failed to attend, and to attend Plaintiff's deposition should Defendants reschedule the deposition.

3. Plaintiff shall reimburse Defendants for the cost of the transcript of Plaintiff's deposition testimony should Defendants reschedule the deposition.

4. Defendants may reschedule the deposition at a time and location convenient for Defendants and Defendants' counsel. The notice of the deposition shall include a line for the date, Plaintiff's signature, and the following language: "I, Benjamin Bean, have personally received a copy of this notice of deposition; I understand that I must attend the deposition as scheduled; and I acknowledge that my failure to attend the deposition could result in the dismissal of my case." Within ten (10) days of the service of the notice of deposition upon Plaintiff's counsel, Plaintiff shall provide Defendants' counsel with the notice of deposition signed by Plaintiff.

**NOTICE**

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

Dated this 10th day of October, 2014.

/s/ John C. Nivison
U.S. Magistrate Judge