UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| BENJAMIN BEAN, | ) |
|     Plaintiff, | ) |
| v. | )    1:13-cv-00196-JCN |
| KURT DYER, JR. and<br>TROY ROSS, | ) |
|     Defendants | ) |

**MEMORANDUM OF DECISION ON
DEFENDANTS' MOTION TO DISMISS**

Following the final pretrial conference in this matter in June 2016, the Court scheduled jury selection for September 12, 2016, and trial to commence on September 13. (ECF No. 102.) On July 7, the Court published a trial list which reiterated the September 13 trial date. (ECF No. 103.) Because of an unforseen scheduling conflict for one of the defendants, on Defendants' motion and without objection, the Court rescheduled the trial to begin on September 21, 2016. (ECF No. 119.) Jury selection remained scheduled for September 12. (*Id.*)

Although Plaintiff's counsel appeared for jury selection on September 12, Plaintiff did not appear. At the time, counsel informed the Court that he was unsure of Plaintiff's whereabouts and while hopeful Plaintiff would appear for trial, counsel was uncertain whether he would do so. The Court excused Plaintiff from attending jury selection, and jury selection proceeded. The jury was selected, and the jury was instructed to appear for trial on September 21.

On September 19, 2016, Plaintiff's counsel informed the Court that despite the services of a private investigator, he had been unable to locate Plaintiff. Counsel requested a telephonic conference with the Court and Defendants' counsel for the afternoon of September 20 to update

the Court on his efforts to locate Plaintiff. During the September 20 telephonic conference, Plaintiff's counsel reported that his office had not located Plaintiff and thus Plaintiff would not appear at trial on September 21. Defendants moved orally for dismissal with prejudice. The Court grants Defendants' motion.

## Discussion

Pursuant to Federal Rule of Civil Procedure 41, a defendant may move for dismissal of an action if the plaintiff fails to prosecute the action or to comply with court rules and court orders. Fed. R. Civ. P. 41(b). Unless the court directs otherwise, an order granting such a motion "operates as an adjudication on the merits." *Id.*

"In order to operate effectively and administer justice properly, courts must have the leeway 'to establish orderly processes and manage their own affairs.'" *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011) (quoting *Young v. Gordon,* 330 F.3d 76, 81 (1st Cir. 2003)). Dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *Id.* The First Circuit has upheld dismissals for "'extremely protracted inaction (measured in years), disobedience of court orders, ignorance of warnings, [and] contumacious conduct.'" *Vazquez-Rios*, 654 F.3d at 128 (quoting *Cosme Nieves v. Deshler*, 826 F.2d 1, 2 (1st Cir. 1987)).

Significantly, Plaintiff's failure to attend trial is not the first time he failed to appear for proceedings in this case. Plaintiff failed to attend his scheduled deposition on three occasions. After the second time Plaintiff did not attend his scheduled deposition, Defendants sought a telephonic conference with the Court during which conference Defendants requested the Court dismiss Plaintiff's complaint. The Court denied the request. (ECF No. 44.) When Plaintiff failed to attend his deposition for a third time, Defendants moved for dismissal as a sanction. (ECF No. 45.) The Court denied Defendants' request for dismissal, but imposed other sanctions and issued

an order designed to impress upon Plaintiff the significance of his failure to attend his scheduled deposition. (ECF No. 51.)

Even without Plaintiff's history, Plaintiff's apparent failure to remain in contact with his counsel and his failure to attend the trial demonstrate not only a lack of interest in the prosecution of the case, but also a disregard for the judicial process and the participants in the process (e.g., jurors, other parties, counsel) that warrants dismissal. With his history, Plaintiff's failure to appear for trial is particularly unacceptable. In short, under the circumstances of this case, Plaintiff's failure to attend the trial constitutes "extreme misconduct." *Vazquez-Rijos*, 654 F.3d at 127. Accordingly, dismissal is appropriate.

## Conclusion

Based on the foregoing analysis, the Court grants the Defendants' motion to dismiss. The Court dismisses this action with prejudice.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of September, 2016.